UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NIELSEN AUDIO, INC.,**

        **Plaintiff,**

v.                                                                      **Case No.: 8:15-cv-2435-T-27AAS**

**BUBBA CLEM,** a/k/a Bubba The Love Sponge,
and **BUBBA RADIO NETWORK, INC.**

        **Defendants.**
_____/

## ORDER

This matter comes before the Court on Defendant Bubba Clem's Motion Under Fed. R.

Civ. P. 37 to Compel Answers to Interrogatories and For Sanctions (Doc. 40) (hereinafter referred

to as "Motion to Compel") and Plaintiff's Opposition to Defendant's Motion to Compel and For

Sanctions (Doc. 43).   On July 21, 2016, the parties appeared before the undersigned for oral

argument on this matter.   As stated on the record at the hearing, Defendant's Motion to Compel

(Doc. 58) is **GRANTED in part and DENIED in part** as follows:

### Interrogatory No. 2

Please describe in detail each and every communication by you or on your behalf
to Beasley Broadcast Group, Inc., ("Beasley") or any agent or representative
thereof, wherein you or the person acting on your behalf recommended, requested
or insisted that Beasley discipline one or both defendants for all or any part of the
alleged ratings tampering activity that is the subject of this civil action, specifying
the date(s) of said communication, what was said by whom and to whom, the
location of said communication, and the identity of all persons present.

As provided in greater detail at the hearing, the Motion to Compel is granted to the extent

it seeks certain information (approximate date(s), location and identity of all persons present) about

substantive communications that occurred between Plaintiff's managerial-level employees or

other employees/agents with decision-making authority and Beasley's managerial-level employees or other employees/agents with decision-making authority.  This is a narrowing of the original interrogatory from the overbroad request for "each and every communication" to "any agent or representative."  The Motion to Compel is denied to the extent that the interrogatory seeks information about any conversations involving individuals who are neither managerial-level employees nor employees/agents with decision-making authority (by way of example, a conversation between two low level employees at each company) and also to the extent that it seeks "what was said by whom and to whom" with regard to any conversation that took place.

Further, while, pursuant to Federal Rule of Civil Procedure Rule 33(d), Plaintiff has represented that it has produced and will continue to produce documents memorializing communications responsive to this interrogatory, Plaintiff also must determine whether additional responsive communications occurred (as narrowed by the prior paragraph) such as telephone calls or face-to-face discussions that are not memorialized in Plaintiff's business records.  If, after polling Plaintiff's managerial-level employees and other employees/agents with decision-making authority, Plaintiff determines that no other additional responsive communications occurred, then Plaintiff should respond to the interrogatory accordingly.

### Interrogatory No. 3

Please describe in detail each and every communication by Cox Media Group or any affiliate thereof to you, wherein Cox Media Group or its affiliate mentioned, or complained in any manner about, the alleged ratings tampering activity of one or both defendants, specifying the date(s) of said communication, what was said by whom and to whom, the location of said communication, and the identity of all persons present.

As provided in greater detail at the hearing, the Motion to Compel is granted to the extent it seeks certain information (approximate date(s), location and identity of all persons present) about

substantive communications wherein a managerial-level employee or other employee/agent with decision-making authority at Cox Media Group complained about the alleged ratings tampering activity to Plaintiff's managerial-level employees or other employees/agents with decision-making authority.  This is a narrowing of the original interrogatory from the overbroad request for "each and every communication" wherein someone at Cox Media Group "mentioned" or "complained." The Motion to Compel is denied to the extent that the interrogatory seeks information about any conversations involving individuals who are neither managerial-level employees nor employees/agents with decision-making authority (by way of example, a conversation between two low level employees at each company) and also to the extent that it seeks "what was said by whom and to whom" with regard to any conversation that took place.  Further, the Motion to Compel is denied to the extent that a managerial-level employee or other employee/agent with decision-making authority at Cox Media Group simply mentioned the alleged ratings tampering activity (without complaining about it) to Plaintiff's managerial-level employees or other employees/agents with decision-making authority.

Further, while, pursuant to Federal Rule of Civil Procedure Rule 33(d), Plaintiff has represented that it has produced and will continue to produce documents memorializing communications responsive to this interrogatory, Plaintiff also must determine whether additional responsive communications occurred (as narrowed by the prior paragraph) such as telephone calls or face-to-face discussions that are not memorialized in Plaintiff's business records.  If, after polling Plaintiff's managerial-level employees and other employees/agents with decision-making authority, Plaintiff determines that no other additional responsive communications occurred, then Plaintiff should respond to the interrogatory accordingly.

**Interrogatory No. 4**

Please describe in detail each and every communication by one or more of the subscribers to your ratings service or any affiliate of said subscriber(s), wherein the subscriber or its affiliate mentioned, or complained in any manner about, the alleged ratings tampering activity of one or both defendants, specifying the date(s) of said communication, what was said by whom and to whom, the location of said communication, and the identity of all persons present.

As provided in greater detail at the hearing, like Interrogatories 2 and 3, this interrogatory is overbroad to the extent that this interrogatory seeks "each and every communication," to the extent that it seeks communications involving individuals who are neither managerial-level employees or employees/agents with decision-making authority, to the extent that it seeks communications in which the alleged ratings tampering activity was merely "mentioned," and to the extent it seeks "what was said by whom and to whom." Further, this interrogatory is interpreted by the Court as potentially containing numerous subparts by virtue of seeking the information it seeks for multiple subscribers. Consequently, the Motion to Compel is granted only to the extent that Plaintiff must provide Defendant Bubba Clem with a list of subscribers that did have managerial-level employees or employees/agents with decision-making authority complain to Plaintiff about the alleged ratings tampering activity. Otherwise, the Motion to Compel is denied.

**Interrogatory No. 5**

For your three most recent fiscal years which ended on or before September 30, 2015, please state the total amounts of consideration for ratings subscriptions and related ratings services paid to you annually by Beasley Broadcast Group, each and every affiliate of Beasley Broadcast Group, Cox Media Group, each and every affiliate of Cox Media Group, and each and every subscriber for which you have provided information in response to Interrogatory No. 4, respectively.

As provided in greater detail at the hearing, the Motion to Compel is granted to the extent this interrogatory seeks information as to Beasley Broadcast Group in 2013, 2014, and 2015. However, Defendant Bubba Clem's request for information regarding "Cox Media Group, each

4

and every affiliate of Cox Media Group, and each and every subscriber for which you have provided information in response to Interrogatory No. 4" is overly broad at this time.

### Interrogatory No. 6

> Insofar as your written disclosures under Rule 26(a)(l)(A) include a reference to "Damages incurred by Nielsen relating to complaints from Nielsen subscribers and others questioning the integrity of the Nielsen audience estimates and ratings," please describe in detail each and every so-called complaint by or on behalf of one or more of the aforesaid "others," specifying the date(s) of said complaint(s), the form of the communication (e.g., oral, written or electronic), what was said by whom and to whom, the, identity of the custodian of said communication, and the identity of all persons present.

As provided in greater detail at the hearing, this interrogatory shall be narrowed to encompass only advertising agencies, advertisers, radio stations, and broadcasters that complained to Plaintiff about the alleged ratings conduct at issue.  Further, for each complaint, Plaintiff shall provide the approximate date of the complaint, how it occurred, and by whom and to whom the complaint was made.

Moreover, while, pursuant to Federal Rule of Civil Procedure Rule 33(d), Plaintiff has represented that it has produced and will continue to produce documents memorializing complaints responsive to this interrogatory, Plaintiff also must determine whether additional responsive complaints occurred (as narrowed by the prior paragraph) such as oral complaints that are not memorialized in Plaintiff's business records.  If Plaintiff determines that no other additional complaints occurred, then Plaintiff should respond to the interrogatory accordingly.

### Interrogatory No. 8

> For the months of July, 2015, through February, 2016, please enumerate the monthly dollar amounts expended by you with respect to each of the individual categories of out-of-pocket costs incurred by you on account of Defendants' alleged misconduct and described in your disclosures under Rule 26(a)(l)(A), namely, "costs incurred in locating tainted listening data, removing it from the Nielsen audience estimates and re-determining the estimates; investigative costs including

but not limited to fees and expenses charged by outside investigators and costs
associated with the investigation by Nielsen's in-house investigative unit; and costs
and expenses incurred by Nielsen to identify, recruit and train replacement panelists
to take the place of those excluded from Nielsen's survey due to Defendants'
tampering."

As provided in greater detail at the hearing, Plaintiff shall provide amounts for what, if any,

hard costs have been incurred by Plaintiff to date.  Further, as Plaintiff incurs more hard costs and

quantifies the soft costs it has incurred, Plaintiff must supplement its responses pursuant to Federal

Rule of Civil Procedure 26(e).  In addition, the Court finds this request contains three subparts.

Those discrete subparts are:  (1) costs incurred in locating tainted listening data, removing it from

the Nielsen audience estimates and re-determining the estimates; (2) investigative costs including

but not limited to fees and expenses charged by outside investigators and costs associated with the

investigation by Nielsen's in-house investigative unit; and (3) costs and expenses incurred by

Nielsen to identify, recruit and train replacement panelists to take the place of those excluded from

Nielson's survey.

## Interrogatory No. 12

If you or your attorney or any other person acting on your behalf, or any insurer or
other organization interviewed and recorded or reduced to writing statements or
notes of the interview (whether or not signed by the person interviewed) of any
person having or purporting to have knowledge or information pertaining to the
allegations of the complaint or amended complaint or to the defenses raised, then
please identify the person(s) interviewed, the person(s) and/or organization that
conducted the interview, the date of such interview(s), the nature of the recording
or writing generated, and the person having custody of the recording or writing.

As provided in greater detail at the hearing, the Motion to Compel as to this interrogatory

is granted.  According to Plaintiff, this information has already been produced pursuant to Federal

Rule of Civil Procedure 33(d) and Plaintiff will continue to supplement its response pursuant to

Federal Rule of Civil Procedure 26(e).  To the extent this information is in a recording that has not

been reduced to writing, Plaintiff shall provide said recordings.

### Interrogatory No. 17

With respect to the Tampa/St. Petersburg markets and for the period of January 1, 2015 through the date of your response to this interrogatory, please specify the number of investigations conducted by you relating to the integrity of the ratings process, identifying the subject of each investigation, the role of the subject (for example, panelist, radio station, broadcaster, on-air talent, etc.), the complainant, the role of the complainant, the conduct or suspected conduct giving rise to each investigation, and the outcome of each investigation, and specifying whether the subject and complainant were subscribers or employees of a Nielsen subscriber, respectively.

As provided in greater detail at the hearing, the Court has granted the Motion to Compel only to the extent that this interrogatory seeks these categories of information for Plaintiff's investigations, if any, into alleged ratings tampering by someone other than Defendants for the period of January 1, 2015 through the date of Plaintiff's response and with respect to the Tampa/St. Petersburg markets only.

### Plaintiff's Verification of Interrogatory Answers

This issue was resolved by the Parties prior to the hearing.  Therefore, the Motion to Compel as to this issue is denied as moot.

### Defendant Bubba Clem's Request for Sanctions

Sanctions may be granted against a party under Federal Rule of Civil Procedure 37(b) if there is non-compliance with a court order, notwithstanding a lack of willfulness or bad faith, although such factors are relevant to the sanctions imposed. *U & I Corp. v. Advanced Med. Design, Inc.,* 251 F.R.D. 667, 674 (M.D. Fla. 2008).  Here, as compliance with an order is not at issue, an award of sanctions is not warranted.

The remaining issue is whether Defendant is entitled to recover attorney's fees and costs incurred as a result of filing the Motion to Compel. Federal Rule of Civil Procedure 37(a)(5)(C)

provides:

> If the motion [to compel] is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and *may*, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

(emphasis added).  Upon consideration, the Court does not consider an award of attorney's fees to be appropriate at this time.

    **DONE AND ORDERED** in Tampa, Florida on this 25th day of July, 2016.

AMANDA ARNOLD SANSONE
United States Magistrate Judge