UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NIELSEN AUDIO, INC.,

      Plaintiff,

v.                                CASE NO. 8:15-CV-2435-T-27AAS

BUBBA CLEM and
BUBBA RADIO NETWORK, INC.,

      Defendants.

_____ /

**DEFENDANTS' MOTION FOR LEAVE TO FILE**
**COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

    Defendants, BUBBA CLEM and BUBBA RADIO NETWORK, INC., by and through

their undersigned counsel, and pursuant to Paragraph 4 of the Court's Case Management and

Scheduling Order (Dkt. 25, as amended by Dkt. 60) and the Federal Rules of Civil Procedure,

hereby move for leave to file the Counterclaim and Third-Party Complaint attached as **Exhibit A**

against Plaintiff, NIELSEN AUDIO, INC., and third-party defendants, COX MEDIA GROUP,

INC. and MICHAEL CALTA, and as grounds therefore state:

**BACKGROUND**

**A.**    **Procedural Background**

    1.    Plaintiff filed its First Amended Complaint in this matter on November 27, 2015

(Dkt. 14).

    2.    Defendants filed a Motion to Dismiss the Amended Complaint for Lack of Subject

Matter Jurisdiction or, in the Alternative, for Failure to State a Claim Upon Which Relief Can Be

Granted on December 11, 2015 (Dkt. 16).  The Court denied the motion on February 19, 2016

(Dkt. 26).

3.      Thereafter, Defendants filed their Answer to Amended Complaint on March 4, 2016 and, after resolving Plaintiff's Motion to Strike Defendants' Affirmative Defenses (Dkt. 28), Defendants filed a modified Answer and to Amended Complaint with Amended Affirmative Defenses and Demand for Jury Trial on May 31, 2016 (Dkt. 35).

**B.      Developments in Discovery**

4.      As explained more below, the discovery phase of this case has been seriously delayed as a result of Plaintiff's untimely production of discovery materials and broad-brush approach to making confidentiality designations.

5.      On March 14, 2016, Defendants served their First Request for Production of Documents (Nos. 1-55) on Plaintiff.  That same day, Defendant, Bubba Clem served his First Set of Interrogatories (Nos. 1-18) on Plaintiff, Nielsen Audio, Inc.

6.      On April 20, 2016, Plaintiff, Nielsen Audio, Inc. served its Responses to Defendants' First Request for Production of Documents, and its Responses to Defendant Bubba Clem's First Set of Interrogatories

7.      On June 15, 2016, Defendants filed a Motion to Compel Answers to Interrogatories and for Sanctions (Dkt. 40).

8.      On July 21, 2016, the parties came before the Court for a hearing on Defendants' Motion to Compel Answers to Interrogatories and For Sanctions (Dkt. 43).  At the hearing, counsel for Plaintiff represented to the Court that (1) Plaintiff expected to produce two additional rounds of documents responsive to Defendants' First Set of Requests for Production; and (2) the first of the two rounds would arrive by August 22, 2016.  (Dkt. 53, at 4, 60.)

9.      Following the hearing, Plaintiff requested and Defendants agreed to an extension until August 26, 2016 to produce its first round of production.  Plaintiff's first round of production included a total of 415 pages (N000000001–415).

10.     Plaintiff's second round of production was not provided to Defendants until September 20, 2016, at 9:25 p.m. – more than two (2) months after the July 21st hearing. However, contrary to Plaintiff's representations to the Court, Plaintiff's second round of production failed to fully respond to Plaintiff's First Set of Requests for Production. Plaintiff's second round of production included a total of 3,147 pages (N00000416–3563).

11.     Plaintiff's third round of production – which Plaintiff represented to Defendants to be the last installment – was not provided to Defendants until after the close of business on October 21, 2016 at 8:08 p.m. – i.e., over 220 days after Defendants served their first discovery request on Plaintiff.     Plaintiff's third round of production included a total of 38,854 pages (N00003564–42418).

12.     On November 3, 2016, at 8:03 p.m., Plaintiff served Defendants with documents that it had received from Cox Media Group on October 25, 2016 in response to a subpoena to produce, which included a total of 437 pages (COX 00001-437).

13.     On November 4, 2016, at 5:53 p.m., Plaintiff unexpectedly served a fourth round of production on Defendants that included a total of 32,247 pages (N00042419–74666).

14.     On November 30, 2016, at 4:55 p.m., Plaintiff unexpectedly served a fifth round of production on Defendants that included a total of 4,994 pages (N00074667–79661).

15.     On January 9, 2017, at 8:09 p.m., Plaintiff unexpectedly served Defendants with a sixth round of production that included a total of 66 pages (N00079662–79728).

16.     As of the date of this motion, Plaintiff has produced more than 80,000 pages in response to Defendants' First Request for Production.  Incredibly, all but approximately 66 pages of those 80,000 pages were designated by Plaintiff as either "Confidential" or "Confidential–Attorney's Eyes Only," regardless of whether the documents actually contained any

3

actual confidential information.

**C.   Nature of Counterclaim and Third-Party Complaint**

17.   Defendants' proposed Counterclaim and Third-Party Complaint asserts claims against Plaintiff, Nielsen Audio, Inc., and two third-party defendants, Cox Media Group, Inc. ("Cox") and Michael Calta, for:  Defamation (Counts I and II), Tortious Interference with Contractual and Business Relationships (Counts III and IV), Violation of the Florida Deceptive and Unfair Trade Practices Act (Count V), and Civil Conspiracy (Count VI).

18.   These claims are largely based on the more than 71,000 documents Plaintiff produced between October 21 and November 4, 2016, which reveal that in early 2015, Plaintiff entered into a conspiracy with Cox (one of Nielsen's largest subscribers), to, among other things: (i) utilize Nielsen's monopoly power over the audience measurement and ratings for the Tampa Market to prevent Defendants from broadcasting their morning radio show on WBRN in competition with WHPT; (ii) tortiously interfere with Defendants' contractual relationships with Beasley Media Group and their other affiliates; (iii) tortiously interfere with Defendants' current and prospective business relationships with WBRN's advertisers and US-based syndication partners; (iv) improperly manipulate Nielsen's ratings for the Tampa Market to simultaneously increase WHPT's market share to the benefit of Cox, while decreasing the share of WBRN to the detriment of Beasley, Clem and BRN; (v) publish knowingly false, defamatory allegations of ratings distortion activities against Defendants in an effort to conceal the fraudulent conduct of Nielsen's employees with respect to the data included in Nielsen's monthly ratings reports; (vi) unfairly apply Nielsen's rules and impose unprecedented sanctions pressure on Beasley to bring about the termination of  its contract with BRN and Clem; and (vii) engage in unfair methods of competition, anticompetitive behavior, and various unconscionable, deceptive, and unfair acts or

practices in violation of Chapter 501, Florida Statutes, in order to further the interests of a large Nielsen subscriber over those of a smaller subscriber. As a result of Nielsen, Cox, and Calta's conduct, and the conduct of those conspiring with them, Defendants have incurred several million dollars in damages.

## MEMORANDUM OF LAW

Pursuant to Paragraph 4 of this Court's Case Management and Scheduling Order (Dkt. 25, as amended by Dkt. 60), the instant motion is timely filed.[1] Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Courts follow a liberal policy favoring amendments to pleadings. *Burger King Corp. v. Weaver*, 169 F. 3d 1310, 1338 (11th Cir. 1999). The United States Supreme Court in *Foman v. Davis*, 371 U.S. 178, 182 (1962) explained:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, futility of amendment, etc. – the leave should, as the rules require, "be freely given."

*See also Senger Bros. Nursery, Inc. v. E.I. Dupont De Nemours & Co.*, 184 F.R.D. 674, 678 (M.D. Fla. 1999) (holding that leave to amend is to be "freely given when justice so requires."). There must be a "justifying reason" for a court to deny leave to amend. *See Foman*, 371 U.S. at 182*; see also Pioneer Metals, Inc. v. Univar USA, Inc.*, 168 Fed. Appx. 335, 336 (11th Cir. 2006) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."); *Haliburton & Assoc. v. Henderson, Few & Co.*, 774 F.2d 441, 443

---

[1] Paragraph 4 of the Case Management and Scheduling Order states that "[t]he deadline for motions to amend pleadings is 10 days after discovery cut-off date." Pursuant to the Court's Order on Defendants' Motion to Amend Case Management and Scheduling Order (Dkt. 60), the discovery cut-off is January 9, 2017. Accordingly, the deadline for motions to amend pleadings is January 19, 2017. Additionally, by a separate motion (Dkt. 70), Defendants have requested the Court to grant them an extension of time to file motions to amend pleadings.

(11th Cir. 1985)(stating that a "substantial reason" is needed). It is well-established that timely motions for leave to amend are held to a very liberal standard. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417 (11th Cir. 1998); *Payne v. Ryder Sys., Inc. Long Term Disability Plan*, 173 F.R.D. 537 (M.D. Fla. 1997).

**A.      There is no undue delay, bad faith or dilatory motive on the part of Defendants.**

Defendants have no interest in delaying this case. As evidenced by Defendants' various discovery requests from as early as March 2016, as well as their motion to compel (Dkt. 40), Defendants have made every effort to move this case forward as quickly as possible and comply with the Court's original case management schedule. The information that alerted Defendants of the need to amend their allegations with respect to Plaintiff and add Cox and Calta as parties to this action were just filed and served on Defendants as part of the 71,000 pages of discovery material Plaintiff produced between October 21 and November 4, 2016.  Since that time, Plaintiffs have worked diligently to prepare and file the draft Counterclaim and Third-Party Complaint and this Motion. Additionally, Defendants' claims are not made in bad faith. The allegations in the Counterclaim and Third-Party Complaint are legitimate, factually supported claims that were made promptly after Defendants learned of the bases for the claims.

**B.      There is no failure to cure deficiencies by previously allowed amendments.**

Defendants do not seek leave to file their Counterclaim and Third-Party Complaint in order to cure any deficiencies with their prior pleading, but rather to promote efficiency and clarity by making sure all appropriate parties and all appropriate claims related to the underlying facts are before this Court.  Therefore, Defendants should not be denied the opportunity to amend based on any failure to cure deficiencies.

**C.      There is no prejudice to Plaintiffs by virtue of the proposed amendment.**

Plaintiff will not be prejudiced by the filing of Defendants' Counterclaim and Third-Party Complaint. In fact, the third-party defendants' interests have already been protected throughout this litigation because, among other things:  (i) Plaintiff and the proposed third-party defendants were engaged in a conspiracy to cause harm to Defendants since at least January 2015, (ii) the proposed third-parties have been actively involved in Plaintiff's prosecution of this case, and (iii) Plaintiff has actively sought to protect its co-conspirators from being discovered by Defendants. Essentially, the new parties are being added in name only, as for all intents and purposes, Cox and Calta have been actively involved in this case from its inception.  That being said, even if Cox and Calta were truly new parties to this action, they would not be at a disadvantage.  As a result of Plaintiff's delay tactics (as described more fully above), document discovery is still ongoing and there has yet to be a single deposition in this case.  In fact, the proposed new parties are already identified as witnesses who both Defendants and Plaintiff intend to depose over the coming months.  Moreover, the existing parties also will not be prejudiced, since Plaintiff has been aware of Defendants' claims since at least November 18, 2016, when Defendants' provided Plaintiff with a copy of their proposed Counterclaim and Third-Party Complaint. In light of the foregoing, Defendants' proposed Counterclaim and Third-Party Complaint will not prejudice Plaintiff or the proposed additional parties, Cox and Calta.

**D.      The proposed amendment is not futile.**

An amendment is only futile when "the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). Futility is typically considered when the proposed amendment is made in an effort to address problems with the previous version of the complaint. *Id.* Here, the Counterclaim and Third-Party Complaint is based

on newly discovered facts and new procedural developments, largely by virtue of Plaintiff's unexpected and voluminous document productions, that form the basis for additional claims. It is not in any way meant to address problems with Defendant's prior pleading in this action. Accordingly, Defendants' Counterclaim and Third-Party Complaint is not futile.

## CONCLUSION

This Court has jurisdiction over the counterclaim and the third-party complaint Defendants seek to file. The instant motion is timely. It is procedurally proper. And, perhaps most importantly, giving Defendants leave to file its counterclaim and third-party complaint is likely the most efficient method of resolving the disputes between the parties.

**WHEREFORE,** Defendants, BUBBA CLEM and BUBBA RADIO NETWORK, INC., hereby respectfully request the Court grant Defendants leave to file their Counterclaim and Third-Party Complaint, attached as **Exhibit A**[2], and award any other and further relief this Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues, but has been unable to resolve the issues. Plaintiff opposes the instant motion.

DATED this 16th day of January, 2017.

---

[2] Pursuant to Nielsen's request, **Exhibit A** is a redacted version of Defendants' Counterclaim and Third-Party Complaint because it contains references to discovery material that has been designated by Plaintiff as either "Confidential" or "Confidential–Attorney's Eyes Only." Defendants intend to seek leave to file an un-redacted version of their Counterclaim and Third-Party Complaint once the Court has ruled on Defendants' Motion to Modify Protective Order (Dkt. 70), which requests an order modifying the Agreed Protective Order Regarding Confidential Information (Dkt. 41-1) to include a procedural mechanism for challenging designations of discovery material as "Confidential" or "Confidential–Attorney's Eyes Only."

Respectfully submitted,


/s/ Zachary D. Grimland
Todd Foster, Esq.
Florida Bar No. 325198
Email: tfoster@tfosterlaw.com
Zachary D. Grimland, Esq.
Florida Bar No. 91123
Email: zgrimland@tfosterlaw.com
TODD FOSTER LAW GROUP
1881 W. Kennedy Blvd.
Tampa, FL 33606
Telephone: (813) 229-7373
Facsimile: (813) 280-9981

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of January, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Mark Ragusa, Esq.
Gunster, Yoakley & Stewart, PA
401 E. Jackson Street, Suite 2500
Tampa, FL 33602
mragusa@gunster.com
tkennedy@gunster.com

Alfred R. Fabricant (pro hac vice)
Lawrence C. Drucker (pro hac vice)
Brown Rudnick LLP
Seven Times Square
New York, NY 10036
afabricant@brownrudnick.com
ldrucker@brownrudnick.com

**Attorneys for Plaintiff**

/s/ Zachary D. Grimland
Todd Foster, Esq.
Florida Bar No. 325198
Email: tfoster@tfosterlaw.com
Zachary D. Grimland, Esq.
Florida Bar No. 91123
Email: zgrimland@tfosterlaw.com
TODD FOSTER LAW GROUP
1881 W. Kennedy Blvd.
Tampa, FL 33606
Telephone: (813) 229-7373
Facsimile: (813) 280-9981

**Attorneys for Defendants**