UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NIELSEN AUDIO, INC.,

    Plaintiff,

v.                                    Case No. 8:15-cv-2435-T-27AAS

BUBBA CLEM a/k/a BUBBA THE
LOVE SPONGE and BUBBA RADIO
NETWORK, INC.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendants' Motion to Exclude the Expert Reports and Testimony of David A. Haas. (Dkt. 94). Plaintiff has responded in opposition. (Dkt. 103).[1] Upon consideration, Defendants' motion is **DENIED**.

David A. Haas, a certified licensing professional who has an M.B.A. with a specialization in management accounting, was retained by Plaintiff to provide expert testimony on its damages in this case. He analyzed documents provided by Plaintiff and had discussions with its personnel to develop his opinion about the expenses and the lost goodwill and reputation suffered by Plaintiff. Haas's report is based on the assumption that Defendants are found liable.

---

[1] Neither party provided Haas's expert report with their filings, but both referred to specific provisions of the report in support of their respective positions. *See, e.g.*, (Motion to Exclude, Dkt. 94 at p. 1 n.1; Response, Dkt. 103 at p. 7). The admissibility of Haas's opinion and report will, therefore, be determined based on the specific provisions of his report cited by each party, the arguments supported by such references, and Haas's curriculum vitae that Plaintiff provided as evidence of his qualification to testify as a damages expert in this case. (Dkt. 103-1).

1

## STANDARD

A witness qualified by knowledge, skill, experience, training, or education may testify in the form of an opinion if "(a) the expert's . . . specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702. Trial courts act as gatekeepers to ensure expert testimony is relevant and reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). To determine reliability, a district court considers whether (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable; and (3) the testimony assists the trier of fact, through the application of specialized expertise, to understand the evidence or to determine a fact in issue. *Adams v. Laboratory Corp. of Am.*, 760 F.3d 1322, 1328 (11th Cir. 2014) (per curiam).

Expert testimony must also assist the trier of fact to be admissible. *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1340-41 (11th Cir. 2003). It will do so "if it concerns matters that are beyond the understanding of the average lay person." *United States v. Frazier*, 387 F.3d 1244, 1262 (11th Cir. 2004). Expert testimony is generally not helpful, and therefore not admissible, when "it offers nothing more than what lawyers for the parties can argue in closing arguments." *Id.* at 1262-63.

The party offering an expert witness has the burden of laying the proper foundation for admission of the expert's testimony by a preponderance of the evidence. *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999). Ultimately, trial courts have "considerable leeway in

deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho Tire*, 526 U.S. at 152. It is not the role of the court "to make ultimate conclusions as to the persuasiveness of the profferred evidence." *Quiet Tech. DC-8*, 326 F.3d at 1341.

## DISCUSSION

Haas opines on the proper measure of damages for the investigative, legal, and other expenses Plaintiff incurred, and for its lost reputation and goodwill. Many courts have recognized that expert reports and testimony on damages can assist the jury. *See, e.g., Micro Man Distribs., Inc. v. Louis Glunz Beer*, Case No. 13-cv-639-T-27MAP, Dkt. 62 pp. 2-3 (M.D. Fla. July 21, 2014). Haas's curriculum vitae shows that he has testified, been published, and given speeches on the different types of damages suffered by businesses in a variety of industries. (Dkt. 103-1). Haas formed his opinion in this case after reviewing documents showing Plaintiff's expenses, having discussions with its personnel who have knowledge of the facts surrounding this case, and reviewing documents relating to customer contract rates. (Response, Dkt. 103 at pp. 7-9). Haas's testimony regarding damages would assist a jury in understanding Plaintiff's evidence, particularly testimony discussing the techniques used to measure the present value of future harm. (*Id.* at p. 11).

Defendants argue that Haas's testimony and report will not assist the trier of fact and must be excluded because (1) he is not an expert in either the radio industry or the measurement of radio audiences; (2) he accepted Plaintiff's data relating to its expenses, the harm to its reputation, and lost goodwill without independently verifying it; (3) a layperson is capable of making Haas's conclusions; (4) he did not investigate or analyze other potential sources of Plaintiff's damages; and (5) even if Haas's opinion is relevant and reliable, it would be unduly prejudicial under Rule 403.

3

Haas's curriculum vitae shows that he has an M.B.A. with a specialization in management accounting, and that he has experience in calculating damages in dozens of cases involving a variety of industries. (Dkt. 103-1). An individual need not be an expert in a particular field to offer an expert opinion on damages that is based on broadly applicable calculations and measurements. *See Maiz v. Virani*, 253 F.3d 641, 665 (11th Cir. 2001). Defendants have not shown that specific experience in the radio industry is required to calculate Plaintiff's damages in this case, so its citations to cases where specific expertise was required are inapposite. *See, e.g., Taylor v. Cooper Tire & Rubber Co.*, 130 F.3d 1395, 1396-97 (10th Cir. 1997) (holding general expertise in materials failure did not qualify an expert to testify about a tire failure). The fact that Defendants' rebuttal expert has experience in the radio industry does not diminish the relevance and reliability of Haas's own opinion, but rather goes to the respective persuasiveness and weight of the two experts' opinions, which is an issue better addressed by a jury. *See Quiet Tech. DC-8*, 326 F.3d at 1341.

Haas is not simply repeating Plaintiff's own findings regarding its damages, as Defendants suggest. Rather, Haas created an itemized report describing the expenses incurred by Plaintiff that is supported by invoices and other documentation. *See* (Response, Dkt. 103 at p. 7). He included additional investigation and remediation expenses after discussions with Plaintiff's personnel with first-hand knowledge of these expenses. (*Id.* at pp. 7-8).[2] Haas is entitled to rely on Plaintiff's documents and discussions with its personnel in forming his opinions regarding its damages, as this is the sort of information typically relied on by an expert calculating a party's damages. *See* FED. R. CIV. P. 703; *see also, e.g., International Adhesive Coating Co. v. Bolton Emerson Int'l, Inc.*, 851

---

[2] Defendants also take issue with Haas including legal fees in his damages analysis because attorney's fees are generally not recoverable unless a statute or contract provides otherwise. (Motion, Dkt. 94 at p. 6) (citing *Price v. Tyler*, 860 So. 2d 246, 250 (Fla. 2004)). Haas's inclusion of these amounts in his calculations does not establish Plaintiff's entitlement to recover them, and therefore is not a basis for excluding his testimony and report.

F.2d 540, 545 (1st Cir. 1988); *United States v. Affleck*, 776 F.2d 1451, 1456-57 (10th Cir. 1985). Plaintiff also points out that there are not outside sources which Haas could use to independently verify Plaintiff's internal data. (Response, Dkt. 103 at p. 8).

As for Haas's opinions regarding Plaintiff's lost goodwill and reputation, he relied on Plaintiff's licensing agreements with its customer Cox Media Group, discussions with Plaintiff's personnel, documents prepared by Cox, and e-mails exchanged between Plaintiff and Cox to determine that there is a historical annual 3 percent price increase for the Cox licensing agreement. (Response, Dtk. 103 at p. 9). There are documents supporting Haas's conclusion that Cox will again seek pricing concessions from Plaintiff during the next contract negotiation, and that Cox will cite Defendants' actions as the reason for a concession. (*Id.* at pp. 11-12). Nevertheless, Defendants contend that Haas's opinion regarding lost goodwill and reputation is not reliable because Plaintiff did not grant Cox's previous request for a pricing concession and will not need to grant a concession in the future "because of its virtual monopoly over the radio ratings industry." (Motion, Dkt. 94 at pp. 5, 7-8). If Defendants have evidence supporting this position, then such evidence goes to the persuasiveness of Haas's opinion, not its admissibility.

Defendants' argument that a layperson could make Haas's conclusions because all he did was "accept the figures provided by [Plaintiff] and add them up" is without basis. (Motion to Exclude, Dkt. 94 at p. 7). Plaintiff indicates that the "bulk" of Haas's damages calculation consists of the harm to its reputation and goodwill. (Response, Dkt. 103 at p. 11). Haas calculated this harm by reviewing the data and using a financial modeling technique that calculates the present value of future harm. (Response, Dkt. 103 at p. 11). The standard is whether an expert's opinion, if relevant and reliable, will assist a jury in understanding the evidence. *Quiet Tech. DC-8*, 326 F.3d at 1340-41. Haas's

5

opinion will assist the jury's understanding of Plaintiff's damages to the extent they require calculation of the present value of future harm, which is likely beyond the understanding of the average layperson. *See Frazier*, 387 F.3d at 1262.

Defendant's argument that Haas did not examine potential alternate sources of Plaintiff's damages is not a basis for excluding his testimony and report. As noted, Haas was entitled to rely on Plaintiff's data in forming his opinions, and he acknowledged that his damages model relies on the assumption that Defendants are found liable for the losses suffered by Plaintiff. (Response, Dkt. 103 at p. 12). The questions of whether Haas adequately considered if Defendants' conduct in fact affected Plaintiff's ratings, if some or all of Plaintiff's losses may be attributable to other factors, or if errors in Plaintiff's ratings system impacted its data are all questions that go to the weight of Haas's opinion, not its admissibility. *See Quiet Tech. DC-8*, 326 F.3d at 1341.

Defendants' final argument that Haas's opinion and report should be excluded under Rule 403 is not persuasive. Rule 403 provides a basis to exclude Haas's testimony only if the relevance of reliability of that opinion is substantially outweighed by risks including unfair prejudice, confusion, or misleading the jury. *See* FED. R. EVID. 403. The only risk identified by Defendants is that if Haas testifies as an expert, the jury will assume "anything discussed by him is reliable and highly pertinent to their inquiry." (Motion to Exclude, Dkt. 94 at p. 11). This general risk does not substantially outweigh the relevance and reliability of his damages calculation. Further, a risk that the jury may accord greater weight to Haas's opinion simply because he is testifying as an expert can be addressed and mitigated through cross examination and the testimony of a rebuttal expert. *See Daubert*, 509 U.S. at 596 (noting that "[v]igorous cross-examination" and the "presentation of contrary evidence" are the appropriate means for attacking admissible expert evidence).

Accordingly, Defendants' Motion to Exclude the Expert Reports and Testimony of David A. Haas (Dkt. 94) is **DENIED**.

**DONE AND ORDERED** this 24th day of April, 2017.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record