UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NIELSEN AUDIO, INC.,

    **Plaintiff,**

vs.                                       **Case No. 8:15-cv-2435-T-27AAS**

**BUBBA CLEM a/k/a BUBBA THE
LOVE SPONGE and BUBBA RADIO
NETWORK, INC.,**

    **Defendants.**

_____/

## ORDER

**BEFORE THE COURT** are Defendants' Objections to Magistrate Judge's (I) July 26, 2017 Order Regarding Nielsen's Production of Documents Related to Medial Ratings Council, and (II) The August 3, 2017 Order Regarding Defendants' Topics for the Deposition of Plaintiff's Corporate Representative (Dkt. 160). Plaintiff responded in opposition. (Dkt. 167). Upon consideration, Defendants' Objections are **OVERRULED**.

The Magistrate Judge entered an order on July 26, 2017 granting in part Defendants' oral motion to compel Plaintiff's production of documents and communications relating to the Media Ratings Council. (Oral motion, Dkt. 144; Order, Dkt. 145). Defendant's oral motion sought all documents and communications relating to MRC accreditation of Plaintiff's Portable People Meter survey methodology in any radio market within the United States. *See* (Objections, Dkt. 160 at p. 2). The order directed Plaintiff to "produce responsive documents for the Tampa market for the years 2014, 2015, and 2016. Otherwise, the motion is denied." (Dkt. 145).

On August 3, 2017, the Magistrate Judge entered an order sustaining Plaintiff's objection to one of Defendants' proposed deposition topics for its corporate representative: "Knowledge regarding MRC's decision to withhold accreditation of 22 of the 48 audio PPM markets." (Joint Notice Summarizing Deposition Topics Disputes, Dkt. 155; Order, Dkt. 156).

Defendants filed their objections to both orders on August 17, 2017. (Dkt. 160). A district court may refer any nondispositive pretrial matter to a magistrate judge for disposition. FED. R. CIV. P. 72(a). A party may seek review of a magistrate judge's order on a nondispositive pretrial matter within fourteen days after service of the order. *Id.* A district court may modify or vacate a magistrate judge's order to the extent that the order "is clearly erroneous or is contrary to law." *Id.*; *see Merritt v. International Bhd. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. Unit A June 2, 1981)[1] ("Pretrial orders of a magistrate . . . are reviewable under the clearly erroneous and contrary to law standard; they are not subject to a de novo determination." (internal quotation marks omitted)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.' " *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1327 (M.D. Fla. 2011) (quoting *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000)).

Defendants' objections to the Magistrate Judge's July 26, 2017 order are untimely under Rule 72 and are, therefore, overruled. *See Smith v. School Bd. of Orange Cnty*, 487 F.3d 1361, 1365 (11th

---

[1] Opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

Cir. 2007) (per curiam). Notwithstanding, they fail to establish that the Magistrate Judge committed clear error by limiting Plaintiff's production of documents to those relating to MRC accreditation in the Tampa radio market from 2014 to 2016. And the Magistrate Judge applied the correct law in concluding that Defendants' request for documents relating to MRC accreditation in all of Plaintiff's PPM markets throughout the United States is not proportional to the needs of the case. (Transcript from July 26, 2017 hearing, Dkt. 167-1); *see also* FED. R. CIV. P. 26(b)(1).

Defendants argue that the complaint establishes the relevance of the national MRC documents because Plaintiff alleges that the integrity of its audience measurements has been called into question and its reputation has been damaged because of their actions. And their counterclaim alleges that incidents involving internal fraud in Tampa and other radio markets undermines Plaintiff's claims about the integrity of its methodologies.[2]

However, the pleadings show that the nexus of the parties' dispute is the Tampa market, where Defendants engaged in the alleged ratings tampering. They acknowledge that the "essence" of Plaintiff's damages is the national contract concessions demanded by third party Cox Media Group, Inc. because of their actions. (Objections, Dkt. 160 at p. 10). They have not persuasively explained how producing documents relating to MRC accreditation in all PPM markets is likely to yield relevant information about the causes or extent of its damages. And Plaintiff argued before the Magistrate Judge that Defendants' discovery request would require it to sift through volumes of documents and communications relating to dozens of radio markets in order to produce largely

---

[2] Defendants assert that the MRC accreditation information is "crucial" to their claims and defenses. (Objections, Dkt. 160 at p. 6). However, the relevant background shows that they knew by June 2016 that Plaintiff and the MRC objected to their document requests, and that they did not move to compel production of those documents until after the January 2017 discovery deadline passed. (*Id.* at p. 3). Their lack of diligence undermines their argument that those documents are crucial to their claims and defenses.

irrelevant information. (Transcript from July 26, 2017 Hearing, Dkt. 167-1 at pp. 35-38). Accordingly, review of the claims and defenses asserted in this case yields no definite and firm conviction that the Magistrate Judge erred by limiting production of MRC documents to those relating to the Tampa market for the years 2014, 2015, and 2016. *See* FED. R. CIV. P. 26(b)(1).

Defendants' objection to the Magistrate Judge's August 3, 2017 order is overruled for the same reasons. Their proposed deposition topic would circumvent the Magistrate Judge's earlier ruling by allowing them to question Plaintiff's corporate representative about MRC accreditation in markets outside Tampa. The Magistrate Judge again concluded that the deposition topic is not proportional to the needs of the case because the potential relevance of the information is outweighed by the burden on Plaintiff. (Transcript from August 3, 2017 hearing, Dkt. 167-2 at p. 17). Defendants have not established that MRC accreditation information for all of Plaintiff's PPM markets in the nation is so directly related to its nationwide contract concessions to Cox Media Group, as they argue, that the Magistrate Judge clearly erred in applying Rule 26.

The Magistrate Judge's findings and conclusions are not clearly erroneous and the Magistrate Judge applied the correct legal standards. Accordingly, Defendants' Objections (Dkt. 160) are **OVERRULED**.

**DONE AND ORDERED** this ___3rd___ day of October, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

4